United States District Court
Southern District of Texas
**ENTERED**
February 02, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL ACTION NO. 1:15-CR-1164-01 |
| § | CRIMINAL ACTION NO. 1:17-CR-0279-02 |
| GABRIEL MORALES-CAMACHO § | |

## ORDER AND OPINION

Defendant Gabriel Morales-Camacho requests that the Court reduce his sentence and order his release, citing various complications caused by the COVID-19 pandemic at his facility. (Motion, 1:15-CR-1164, Doc. 38; Motion, 1:17-CR-279-02, Doc. 110) Based on the record and the applicable law, the Court concludes that Morales has not demonstrated that extraordinary and compelling reasons support a reduction of his sentence.

**I**

In 2016, the Court sentenced Morales to 13 months in prison and three years of supervised release after he pleaded guilty to one count of Transporting Illegal Aliens Within the United States in violation of 8 U.S.C §§ 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(ii). (Judgment, 1:15-CR-1164, Doc. 28, 1–3) He completed the prison sentence and began completing his term of supervised release.

While on supervised release, Morales engaged in new criminal behavior. In May 2017, he pled guilty to the crime of possession with intent to distribute more than 50 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1))(C), and 18 U.S.C. § 2. The Court sentenced him to 60 months imprisonment, followed by 3 years of supervised release. (Judgment, 1:17-CR-279-02, Doc. 90)

The new criminal activity also led to the revocation of the term of his supervised release from the 2016 conviction. The Court sentenced him to 15 months in prison, to be served consecutive to the 60-month sentence. (Judgment for Revocation, 1:15-CR-1164, Doc. 36, 1–3)

Morales is currently serving his sentence at the Federal Correctional Complex at Yazoo City.[1] (Motion, 1:15-CR-1164, Doc. 38, 27; Motion, 1:17-CR-279-02, Doc. 110, 27)

## II

The First Step Act permits defendants to present a request for a reduction of sentence directly to the courts under 18 U.S.C. § 3582(c)(1). The statute contains specific requirements for submitting direct petitions. The defendant must either first "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or wait for "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." *Id*. at § 3582(c)(1)(A). In the latter scenario, the defendant need not exhaust available administrative remedies.

Morales has met the requirements of Section 3582(c)(1)(A). Morales requested that the Warden submit a motion for compassionate release on his behalf, but he never received a response. (Exhibit 1, 1:15-CR-1164, Doc. 38, 21; Exhibit 1, 1:17-CR-279-02, Doc. 110, 21) The record does not make clear whether Morales exhausted any administrative remedies, but as more than 30 days have lapsed since he submitted the request to the Warden, he has satisfied the threshold requirements of Section 3582(c)(1)(A).

## III

A court may reduce a defendant's sentence based on the factors set forth in 18 U.S.C. § 3553(a) if the court finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission". 18 U.S.C. § 3582(c)(1)(A)(i). No applicable policy statement exists, as the Sentencing Commission has not promulgated any policy statement in response to the First Step Act, and the policy statement within Section 1B1.13 of the United States Sentencing Guidelines

---

[1] The Court takes judicial notice that the Bureau of Prisons currently reports 762 currently active cases of COVID-19 among inmates and staff at Yazoo City complex, and five deaths. *See COVID-19 Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed February 2, 2022).

applies only when the Director of the Bureau of Prisons has presented a motion under Section 3582. *See United States v. Shkambi*, 993 F.3d 388, 392–93 (5th Cir. 2021). As a result, the Court is bound only by Section 3582(c)(1)(A) and the sentencing factors in Section 3553(a). *Id.* at 393. The Court considers these factors to determine whether "extraordinary and compelling reasons warrant" a reduction of the defendant's sentence.

In support of his request, Morales describes several changes caused by the COVID-19 pandemic in his facility. Specifically, Morales notes that increased lockdowns have decreased access to the prison law library and related amenities, such as typewriters; that the global pandemic has caused a staff shortage and mail delays; and that provision of disinfectant and personal protective equipment is "very limited". (Motion, 1:15-CR-1164, Doc. 38, 4, 8; Motion, 1:17-CR-279-02, Doc. 110, 4, 8) Additionally, he brings to the attention of the Court a review of the Bureau of Prison's response to COVID-19 by the Sentencing Resources Counsel for the Federal Defenders containing several negative remarks about current conditions in prison facilities amid the pandemic. (Motion, 1:15-CR-1164, Doc. 38, 5–6; Motion, 1:17-CR-279-02, Doc. 110, 5–6) Finally, Morales argues that the factors of 18 U.S.C. § 3553(a) weigh in favor of his release for the reasons, among others, that he has served most of his sentence, that he is rehabilitated, and that he is not a danger or threat to the community. (Motion, 1:15-CR-1164, Doc. 38, 9, 11; Motion, 1:17-CR-279-02, Doc. 110, 9, 11)

The Court finds that Morales has not demonstrated that extraordinary and compelling reasons warrant reducing his sentence. Morales supports his motion with information about general risks from COVID-19, but has not presented information about any medical conditions that he suffers and that render him particularly susceptible to the more serious symptoms of COVID-19. Moreover, Morales has not demonstrated that the Bureau of Prisons is incapable of providing him with adequate medical care should he contract COVID-19. The circumstances presented are not sufficiently extraordinary or compelling to warrant early release.

Based on the record and the applicable law, Morales has not demonstrated that the factors governing requests under Section 3582(c)(1) weigh in favor of the relief he seeks.

Accordingly, it is:

**ORDERED** that Defendant Gabriel Morales-Camacho's Motion to Modify And/Or Reduce A Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(1)(A) and In Light of the First Step Act/the Cares Act (1:15-CR-1164, Doc. 38; 1:17-CR-279-02, Doc. 110) is **DENIED**.

Signed on February 2, 2022.

*Fernando Rodriguez, Jr.*
Fernando Rodriguez, Jr.
United States District Judge